No. 2665

Second Circuit

---

FATES, TRUSTEE, v. S. & P. VULCAN-
IZING CO.

---

(April 5, 1929. Opinion and Decree.)

---

Melvin F. Johnson and D. C. Scarborough, Jr., of Shreveport, attorneys for plaintiff, appellee.

Robert Roberts, Jr., and Frank A. Blanchard, of Shreveport, attorneys for defendant, appellant.

WEBB, J.  Plaintiff, George D. Bates, Trustee of the Portage Tire & Rubber Company, bankrupt, brought this action against defendants, S. & P. Vulcanizing Company, a commercial partnership, and J. A. Porter and W. G. Gibbs, the individuals composing the partnership, to recover judgment against them in solido for an alleged balance of nineteen hundred eighty-eight and 37-100 dollars, with legal interest from judicial demand, for merchandise, automobile tires and tubes alleged to have been sold to the partnership, as per statement of the account annexed to the petition, the payment of which it is alleged, the individual members of the partnership had guaranteed, as per written act of guarantee annexed to the petition.

The defense interposed is that the merchandise had been sold under consignment under an agreement in the nature of a sales agency in which the Portage Company, principal, had agreed to furnish the S. & P. Vulcanizing Company, agent with such tires as it ordered, which were to be paid for monthly as the merchandise was sold and with the right of returning such part of the merchandise unsold to be credited on the account, and that the principal had violated the agreement by refusing to ship merchandise ordered by defendant, whereupon defendant had offered to return the stock of merchandise on hand, which was refused by plaintiff, and that the tires had been sold for the account of plaintiff, and defendant reconvened for judgment for damages for loss of profits, expenses incurred on the faith of the contract, and expenses of storing stock offered to be returned, and other claims incident to the contract, aggregating two thousand seventy-nine and 42-100 dollars, less the amount at which the merchandise offered

to be returned had been sold, or eight hundred twenty-one and 35-100 dollars.

On trial judgment was rendered in favor of plaintiff for the full amount claimed, rejecting defendant's reconventional demand, and defendant appealed.

The merchandise on which the balance is claimed to be due was on orders of defendant of date July 4, 1921, which were made out on blanks furnished by the Portage Company on which there was printed in red: "Positively no goods sold on consignment," and although the representative of defendant who signed the order states that he was aware of the stipulation, he contends that the orders were given under a written contract which provided for the shipment to be made on consignment, as alleged in the defense, and that the Portage Company had kept the contract with the fraudulent intent of contending that the merchandise had been sold otherwise than as agreed upon.

There was a written contract filed by plaintiff which was signed by defendant on July 5, 1921, under which defendant was given the exclusive right to sell the products of the Portage Company, but that contract provides that,

"Second party (defendant) agrees to give first party reasonable notice for fulfillment of his orders and agrees to pay promptly on the tenth of the month for any tires or any tubes purchased during the preceding month, and if payment is so made a cash discount of five per cent (5%) will be allowed."

and further stipulates, that—

"This agreement when signed in triplicate and accepted by first party shall supersede all previous agreements and second party will not at any time assert or claim that any terms of this agreement can be or have been altered, waived or modified, except by a written endorsement thereon signed by an executive officer of the first party."

and. the evidence on the part of plaintiff was to the effect that that instrument evidenced the only contract had with the defendant.

Defendant, under the allegations of fraud, offered evidence for the purpose of showing that at the time the contract filed in evidence by plaintiff had been signed, "riders" or written modifications were attached to the contract, which made provision for merchandise ordered to be shipped on consignment on the terms and conditions as set forth in the defense, but the evidence failed to establish the defense.

It appears from the evidence offered by defendant that the order for merchandise which was not shipped was given on October 12, 1921, and the agreement to which defendant refers was made with salesmen representing the plaintiff at that time, with the understanding that the agreement would be accepted by the Portage Company, as the representative of defendant who conducted the negotiations stated that the merchandise ordered under that agreement was not shipped, and his statement is confirmed by the statement of the bookkeeper of defendant as well as by the fact that the guaranty of the individual members was signed on July 16, 1921, which the representative of defendants says related to prior purchases and not to the inchoate agreement claimed to have been negotiated with the salesmen of the Portage Company, which was entirely in conflict with the instrument evidencing the agreement produced by plaintiff and the signed orders for merchandise given by defendant.

Defendant carried the burden of proof to establish that the inchoate agreement claimed to have been made with the Portage Company had been accepted or confirmed by the Portage Company, and the evidence does not show that the proposed

agreement came into the hands of the Portage Company, or that any shipment was made by it after the time the evidence indicates that such an agreement had been submitted to the Portage Company.

The reconventional demand, based upon the alleged violation of a contract of agency, fell with the failure to prove the contract, and the judgment is correct and is affirmed.